**Charles Paul CORRELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–087–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1985.

Morrow & Rea, P.C. and Dennis M. Morrow and Mary Ann Rea, Weatherford, for appellant.

Mac Smith, Dist. Atty., and Amy Ayers Adams, Asst. Dist. Atty., Weatherford, for State.

Before ASHWORTH, JOE SURLOCK, II and HILL, JJ.

OPINION

HILL, Justice.

Charles Paul Correll appeals from his conviction for the felony offense of possession of marihuana in an amount over four ounces but less than five pounds. The jury found him guilty and set his punishment at three years confinement in the Texas Department of Corrections and a $3,000 fine.

The court, acting upon the jury's recommendation, suspended the sentence and placed Correll on probation for three years.

In his sole ground of error, Correll argues that the trial court erred in overruling his motion to suppress and admitting into evidence marihuana that was seized pursuant to a warrant issued without probable cause. He relies on the Fourth Amendment of the United States Constitution and on art. I, sec. 9 of the Texas Constitution.

We reverse and remand because we find that there was insufficient probable cause to support the issuance of a search warrant, and because illegally-obtained evidence must be excluded under the terms of TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979).

Since the opinion of the United States Supreme Court in the case of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Fourth Amendment's requirement of probable cause for the issuance of a warrant is to be applied, not according to a fixed and rigid formula, but rather in the light of the "totality of the circumstances" made known to the magistrate. *Id.; Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). Upon appellate review, we must determine, without making a de novo probable cause determination, if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 103 S.Ct. at 2331–32. Further, the resolution of doubtful or marginal cases should be largely determined by the preference to be accorded warrants. *Massachusetts v. Upton*, 104 S.Ct. at 2089. The same standards are applicable under art. I, sec. 9 of the Texas Constitution. *Brown v. State*, 657 S.W.2d 797 (Tex.Crim.App.1983).

After receiving a tip from an anonymous informant, the Weatherford Police Department obtained a search warrant for room 105 of the Ranchouse Motel in Weatherford. The pertinent portion of the affidavit presented by the Weatherford Police Department in support of the warrant was as follows:

Affiant stated that on the 21st day of August, 1984, the Weatherford Police Department received a telephone call from an anonymous female. Affiant stated that the phone call was received by Joyce Norwood, a dispatcher employed by the Weatherford Police Department and the call was recorded by Weatherford Police Department recording equipment. Affiant states the call was received at 8:20 pm on August 21st, 1984 and he personally listened to the taped conversation. The conversation was as follows:

1. "I'm not going to give my name, because it's not necessary, in room 105 Ranchouse Motel, you'll find Carol Loman and Charles (sounds like Sorrell or Connell) and fifteen (15) pounds of pot, thank you very much."

Affiant stated that he also received information from the Mineral Wells, Texas Police Department dispatcher, Bennie Abbot, who told affiant about a phone call she received from an anonymous female caller she stated the following:

1. I don't ordinarily do this, but in room 105 at the Ranchouse Motel in Weatherford, Kenny Loman and Charles Connell have fifteen (15) pounds of pot"

2. "They ripped me off and I want to get even."

Affiant stated he began an investigation to attempt to corroborate the anonymous tip.

Affiant stated that Mary Shough, night clerk of the Ranchouse Motel was contacted by affiant and affiant learned that room 105 was registered to Charles Connell, Mineral Wells, Texas between 4:00 pm and 5:00 pm on August 21st, 1984 and that the registration card showed his vehicle to be a 1976 red and white Chevrolet car.

Affiant states that surveillance was begun at 9:45 pm, on August 21st, 1984, by Detective Mark Jackson and Patrolman David Wallace at Ranchouse Motel. Af-

fiant states that Detective Jackson reported that room 105 was located on the west side of the building. Affiant states that Detective Jackson and Patrolman Wallace observed no vehicles parked in front of room 105.

Affiant states that continuous surveillance was conducted. At 11:48 pm, August 21st, 1984, two vehicles pulled up in front of room 105. One vehicle is described as a red and white Chevrolet bearing Texas license number VRX–965. Affiant states that VRX–965 is registered to Carol Marie Lohmann, 2907 S.E. 6th Street, Mineral Wells, Texas. Affiant states that Patrolman Wallace observed a male and female exit the vehicle and enter room 105 at Ranchouse Motel.

The police executed the search warrant and found the marihuana in question in room 105.

Applying the tests of *Illinois v. Gates* and *Massachusetts v. Upton,* we find that this affidavit does not set forth a totality of circumstances which would have afforded the issuing magistrate a substantial basis for concluding that a search would uncover evidence of wrongdoing. *See State v. Thompson,* 369 N.W.2d 363 (N.D.1985). We do not find that this is a doubtful or marginal case. Nothing contained in the affidavit shows that the anonymous informant was a reliable source, and nothing contained in the affidavit shows any basis for the informant's information. Further, the corroboration of the informant's information by the police revealed only non-detailed, innocent activity which could have been known to anyone by means of casual observation. The corroborated information did not relate to future conduct.

The State relies on the cases of *Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App. 1985), *Eisenhauer v. State,* 678 S.W.2d 947 (Tex.Crim.App.1984), and *Almendarez v. State,* 460 S.W.2d 921 (Tex.Crim.App.1970). In *Whaley,* the informant had given information in the past relating to drug trafficking which had proven to be credible and reliable. Additionally, the informant gave a very detailed description of the defendant which was corroborated by surveillance, and the defendant started to walk into the apartment in question but walked past it when he saw the officer who was keeping him under surveillance. In *Eisenhauer,* the corroboration of the informant's tip as to the defendant's future conduct, coupled with the defendant's suspicious reactions when confronted by police officers, was held sufficient probable cause to justify the warrantless arrest of the defendant. In *Almendarez,* the arresting officer had received previous reliable information from the informer, and the detailed information received from the informer was corroborated by the police. We find that all of these cases are distinguishable on their facts. We have examined an exhaustive number of state and federal decisions which have been decided since the opinion of *Illinois v. Gates,* but we have found none, and the State has referred us to none, which have been affirmed based on a supporting affidavit with as little facts as are presented in this case.

Since the evidence was obtained based upon a warrant issued without probable cause, the trial court erred by overruling Correll's motion to suppress and admitting the marihuana into evidence. *Glass v. State,* 681 S.W.2d 599 (Tex.Crim.App.1984); TEX.CODE CRIM.PROC.ANN. art. 38.23.

We sustain ground of error number one, reverse this cause, and remand to the trial court.