**Ricky ROJAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1419–89.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 10, 1990.

E. Dean Roper, Amarillo, Kay Davis, Espanola, N.M., for appellant.

Danny Hill, Dist. Atty., and L. Charles Slaughter, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

The trial court convicted appellant of possession of marihuana and assessed punishment at eight (8) years imprisonment. The Court of Appeals affirmed. Rojas v. State, No. 07–88–0249–CR (Tex.App.—Amarillo, delivered September 26, 1989). We granted appellant's petition for discretionary review to determine if the anonymous tip furnished sufficient probable cause under both the Texas and federal constitutions for the search which resulted in the discovery of the contraband.

The Court of Appeals summarized the evidence as follows:

The State's evidence showed that Harold Dempsey, an Amarillo narcotics officer, on January 19, 1988 received a telephone call at approximately 1:15 p.m. The call was from an anonymous male caller who stated that he was advised that a vehicle belonging to appellant, and which might be driven by him, contained a quantity of marijuana in the trunk. The vehicle was described as a 1982 Lincoln, maroon over black with roses on the windows, and unicorns etched in the back glass and windshield. The caller also said that the vehicle would be at the San Jacinto Baptist Church at 2:00 p.m. for funeral services after which they would go to graveside services at Memorial Park Cemetery. The funeral services were for appellant's brother.

Officers Dempsey and Oppel went to the church and located the vehicle. They maintained surveillance on the vehicle and followed it to Memorial Park Cemetery. They then followed the Lincoln to an establishment named Love's Truck Stop. When the driver, Shelley Ashlock, stopped the vehicle by the gas pumps and got out, the officers approached her, told her why they had stopped the car and asked for consent to search which was refused. Appellant was not in the vehicle.

After their request was refused, Officer Abraham, a canine officer, with his dog, Willy, came to the scene to determine if there were any narcotics in the vehicle. The dog was allowed to enter the vehicle and sniff. He reacted affirmatively and indicated that there was some type of narcotic substance in the trunk of the automobile. The vehicle was then taken to the police department and secured there while officers Dempsey and Oppel obtained a search warrant for the automobile.

Id. slip op. at 2–3.

Suffice it to say that the marihuana was discovered within the trunk of the automobile.

The Court of Appeals relied on Angulo v. State, 727 S.W.2d 276 (Tex.Cr.App.1987), to find that probable cause existed based on

the anonymous tip and the surveillance by the officers. That case involved an anonymous tip, additional information from a reliable informant, and the officer's two month surveillance of the apartment to which defendant was traveling. The surveillance indicated what appeared to be, consistent with the officer's experience, narcotics traffic in and out of the apartment on at least twenty-five occasions. There we wrote:

> In the instant case we hold that the totality of the circumstances, i.e., the anonymous tip coupled with the independent police corroboration and the surveillance at the apartment and surrounding area based on previously gathered independent information about apartment 54, provided the officers involved with sufficient probable cause to search appellant's automobile.

*Id.* at 280.

In *Angulo* we noted that the informer did not reveal the source of his information, although nothing indicated that the informer's knowledge was anything but personal.

The Court of Appeals also relied on *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), in reaching their decision. That case involved an anonymous letter sent to the state police which asserted that the defendant was a drug dealer and that he and his wife took regular trips to Florida to obtain those drugs using an unusual method of travel. The police corroborated every aspect of the tip except the presence of drugs. The Supreme Court adopted a "totality of the circumstances" test in which the informer's veracity and basis of knowledge were merely relevant considerations. If other factors are present which compensate for weaknesses in other areas there may be sufficient probable cause despite the weaknesses. As in *Angulo* there was no indication that the informer's knowledge was anything but personal.

Probable cause determinations in warrantless search situations are made using the same standard as in warrant cases. *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Angulo*, supra. Probable cause exists when the facts are sufficient to justify the conclusion that the property which is to be the object of the search is probably in the area to be searched. *Winkles v. State*, 634 S.W.2d 289, 298 (Tex. Cr.App.1982). We have determined that an anonymous telephone call, standing alone, will not provide sufficient probable cause for a warrantless search. *Glass v. State*, 681 S.W.2d 599 (Tex.Cr.App.1984).

In *Glass v. State* the facts reflect that the Austin Police Department received an anonymous telephone call in which the caller stated that the occupants of two described automobiles were shooting at each other at or near the intersection of Parker and Oltorf Streets in Austin. That information was relayed to patrolling officers, two of whom responded by going to the location, although neither saw any unusual activity. They waited for several moments after which they saw an automobile which matched the description of one of the cars, which they stopped. One of the officers testified that he approached the automobile on the passenger side and, after detecting nervousness on the passenger's part, asked him to exit the vehicle. After the passenger complied, a search of the passenger compartment revealed two pistols and methamphetamine, for which prosecution ensued. We held that the facts set out above did not rise to the level required to search or arrest without additional facts. We also found that these facts and the absence of additional facts did not support an investigatory stop either.

In *Ware v. State*, 724 S.W.2d 38 (Tex.Cr. App.1986), we observed that the Supreme Court in *Illinois v. Gates* did not dispense with the requirement that the informer be credible, but rather held that it was but one of the factors to be considered when viewing the totality of the circumstances. Additional facts must be alleged. What were those facts in this case? The car was described with particularity, but that description did not aid in deciding whether the contraband would be where it was alleged to be. No additional facts had been received previously by the officer such as

those in *Angulo*. There was no trip to a known drug source using circuitous travel arrangements as in *Illinois v. Gates*. No additional factors were given to show that this tip was based on anything of substance.

In *Alabama v. White*, 496 U.S. ——, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the Supreme Court reviewed a case based on similar facts, although it concerned a temporary investigative detention. There the police received an anonymous tip which stated that a certain person would be leaving a particular location in a particular car at a particular time and would be travelling to a certain motel. The officers observed the car and watched defendant exit the described location, enter the described vehicle and take the most direct route to the motel named in the tip. She was stopped and contraband was found. The description of the defendant was quite specific including her name. Observation confirmed the defendant's presence and predicted actions. Here, on the other hand, the defendant was never seen. Observation only confirmed the itinerary and the description of the car. But the Court in *Alabama v. White* pointed out that the description of the automobile was a fact that anyone could have known. What was important was the ability of the informer to predict future behavior of the defendant. "Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about that individual's illegal activities." *Alabama v. White*, 110 S.Ct. at 2417.

■ In the case at bar, the information was plainly secondhand when received by the informer. The evidence showed that Officer Harold Dempsey received a telephone call from an anonymous caller with a male voice who stated that he, the informer, had been advised that a vehicle belonging to appellant contained a quantity of marihuana in the trunk. There was no evidence that the informer ever asserted that he had any personal knowledge whatsoever of contraband.[1]

Additionally, the information provided by the anonymous tip concerning the funeral which appellant was to attend was potentially available via the local media. There were no additional facts within the informer's tip which indicated any special or personal knowledge on the part of the informer. Thus it was not reasonable for the police to conclude that the funeral information confirmed the other information within the tip.[2]

■ We thus hold that in order to satisfy the totality of the circumstances test, when an anonymous tip is relied upon to furnish probable cause, the informer must assert personal knowledge or there must be additional facts showing reason to believe that the contraband sought will probably be where the information indicates it will be. See *Illinois v. Gates*, supra, and *Angulo*, supra.

Since probable cause was lacking in this case, the trial court erred in admitting into evidence the fruits of the search based on the anonymous tip. Accordingly, the judgments of the trial court and the Court of Appeals are reversed, and the cause is remanded to the trial court for proceedings not inconsistant with this opinion.

McCORMICK, P.J., and WHITE, J., concur in the result.

---

1. This Court has previously held that hearsay upon hearsay may be used to establish probable cause in a search warrant situation. *Hennessy v. State*, 660 S.W.2d 87 (Tex.Cr.App.1983). There, the informer clearly had no personal knowledge of the information he imparted to the affiant. We wrote, "Hearsay-upon-hearsay may be utilized to show probable cause as long as the underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level." *Id.* at 91.

2. The Court of Appeals suggested, without holding, that the information received was sufficient to allow a temporary detention for investigative purposes. The lack of sufficient information indicating access to knowledge not available to the general public demonstrates that even were this search labeled a temporary detention there would still be insufficient cause to allow it. Cf. *Alabama v. White*, supra.