IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON REMAND


 




NO. 3-90-200-CR




ALVIN CARTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 100,501, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 Appellant entered a plea of guilty to the offense of possession of a controlled
substance, cocaine, in an amount less than twenty-eight grams. See Tex. Health & Safety Code

Ann. § 481.115(b) (West 1992). The trial court deferred adjudication of guilt, (1) placing appellant
on probation for a term of six years. Appeal is limited to the court's overruling of appellant's
motion to suppress.

 Randall Millstead, an officer with the Austin Police Department Repeat Offender
Unit testified to the events leading up to appellant's arrest and the seizure of the contraband. 
Officer Millstead was working undercover at the Realata Apartments in East Austin on September
27, 1989, as part of a cocaine task force. The Realata Apartment complex was a "high density
area for crack cocaine sales and had been such, targeted as one of the main areas that our task
force was working on." Millstead had made purchases of narcotics at these apartments prior to
the date in question. Millstead related that as a result of his experience he could distinguish
narcotic sellers' activities from people in the apartment who had legitimate activity. He had
"often" witnessed transactions where a seller would approach a vehicle and an occupant of the car
would get out and "go down to the creek bed" on the west side of the apartments. Following a
narcotic transaction in the creek bed, the buyer would walk to the other side of the creek where
he would be picked up by the driver of the vehicle.

 When Millstead and a fellow officer drove into the parking lot of the Realata
Apartment on the day in question, they purchased a "rock of cocaine" from a seller who "flagged
[the officers] down." The focus of the surveillance at the apartments was on Asa Lopeka, a
"known crack dealer." Lopeka and a friend were observed approaching a number of vehicles
before the arrival of appellant. On several of these occasions, the passenger in the vehicle would
accompany Lopeka or his partner to the creek bed and the driver would pick up his partner on the
other side of the creek. When appellant and a person identified as Glenn Dilworth arrived at the
apartments, appellant got out of the car and followed Lopeka and his friend, Michael Haynes, to
the creek bed. Appellant was subsequently picked up by Dilworth on the other side of the creek. 
Millstead did not see any money or cocaine exchanged between appellant and Lopeka. However,
from "what I [Millstead] observed from my training and experience and having bought crack
cocaine in the area and from observing several vehicles prior to their [appellant and Dilworth]
pickup truck entering the parking lot, and transactions being negotiated in the very same manner,
I felt that there was a crack cocaine transaction taking place."

 Millstead followed appellant and Dilworth until a marked police car responded to
Millstead's request to stop the pickup. When Millstead approached the pickup and identified
himself as a police officer, he observed that appellant and Dilworth "had their hands
concealed--just reaching around on the seat, under the dash board." After appellant and Dilworth
refused to comply with two requests from the officers that they "get their hands where they could
be seen," Millstead pointed his gun toward the pickup. Appellant and Dilworth were removed
from their vehicle and their persons and the pickup were searched. Crack cocaine was found in
a plastic trash bag affixed to the dash of the pickup.

 Appellant urges that the trial court erred in overruling his motion to suppress
because: (1) there was not probable cause to search the vehicle and arrest appellant; (2) there was
no exception to the requirement of a warrant for the search and arrest; (3) the officers did not have
specific articulable facts to justify stopping the vehicle; and (4) the officers did not have probable
cause to search for weapons.

 Probable cause for a warrantless arrest exists at the moment the facts and
circumstances within the officer's knowledge, and of which he has reasonably trustworthy
information, are sufficient to warrant a prudent person in believing that the arrested person has
committed or is committing an offense. Britton v. State, 578 S.W.2d 685, 689 (Tex. Crim. App.
1978). The reviewing court must look at the "totality of the circumstances" in determining
whether there existed a substantial basis for concluding that there was probable cause at the time
in question. See Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987). Circumstances
short of probable cause may justify temporary detention for purposes of investigation. See Meeks
v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983). The officer must have possessed articulable
facts that created some reasonable suspicion to connect the suspect with unusual activity that was
related to crime. See Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). "In
justifying a stop, the police officer can make rational inferences from the articulable facts based
upon the officers personal knowledge and experience." Davis v. State, 829 S.W.2d 218, 220
(Tex. Crim. App. 1992).

 In the instant cause, the officers did not see appellant commit an overtly criminal
act. However, activities that are not overtly criminal may be sufficient, when coupled with an
officer's prior knowledge, to establish probable cause that an offense is occurring. See Adkins
v. State, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988). As a veteran investigator of narcotic
offenses, Millstead could distinguish the activities of narcotic dealers from legitimate activity. 
Millstead knew from experience that the conduct of Lopeka and appellant was consistent with
narcotic activity. While the officers' information that Lopeka was a known crack dealer was not
shown to have come from informants whose trustworthiness was established, Millstead's
observations of Lopeka's activities constituted a factor that lent credence to the informant's
information. See Whaley v. State, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985).

 Assuming that Millstead and his fellow officers did not have probable cause to
arrest appellant after he and Dilworth left the apartment complex, the officers possessed sufficient
facts that created reasonable suspicion to connect appellant with unusual activity that was related
to crime so as to justify an investigative stop. After appellant and Dilworth were stopped, they
refused to raise their hands in response to the officers' request until a gun was pointed toward
them. Millstead observed appellant and Dilworth "reaching around on the seat under the dash
board," conduct that Millstead characterized as "furtive movement." Based on their prior
knowledge and observations, together with the events that transpired after appellant and Dilworth
were stopped, we hold that the officers had probable cause to believe that, when arrested,
appellant had committed or was committing in the officers' presence the offense of possession of
a controlled substance. Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977). The officers were
justified in arresting appellant, and in searching him and the vehicle incident to that arrest. 
Appellant's points of error are overruled.

 The order of the court deferring adjudication and placing appellant on probation
is affirmed.




 

 Tom G. Davis, Justice

Before Justices Aboussie, B. A. Smith and Davis*

Affirmed 

Filed: March 9, 1994

Do Not Publish




* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. On original submission, this Court dismissed the appeal, holding that no appeal lies from
an order deferring guilt and placing the defendant on probation. Carter v. State, No. 3-90-200
(Tex. App.--Austin 1990). Subsequently, the Court of Criminal Appeals held that an appeal may
be taken after deferral of guilt. Dillehey v. State, 815 S.W.2d 623 (Tex. Crim. App. 1991). The
Court of Criminal Appeals summarily granted appellant's petition for discretionary review and
remanded to this Court for reinstatement of appellant's appeal. Carter v. State, No. 101-91 (Tex.
Crim. App. 1992).