TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00616-CR







Freddie Parish, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0953506, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 Appellant, Freddie Parish, (1) appeals from the trial court's denial of his motion to suppress
evidence on federal and state constitutional grounds. Pursuant to his guilty plea, Parish was convicted of
possession of a controlled substance. The trial court assessed punishment at

three years of imprisonment. See Tex. Health & Safety Code Ann. § 481.115 (West Supp. 1997). We
will reverse the judgment of conviction.



BACKGROUND


 Parish was arrested pursuant to a search and arrest warrant obtained after an unknown
citizen called to inform Crime Stoppers that Freddie Parish, also known as Freddie Holmes, had "numerous
cookies" of crack cocaine, which he was selling from room 235 of the Ramada Inn on North Interstate
Highway 35; that Parish was a large, dark-complexioned black male over six feet tall, approximately 30
years of age; and that Parish lived in the Craigwood subdivision in Austin and was currently driving a
borrowed purple Toyota Corolla with license plate MCR-79C. 

 After receiving the tip, Austin Police Department Officer Kurt Jacobson conducted a
search of the department's computer records, which revealed a 30-year-old Freddie Parish living at 6303
Craigwood, who had been previously arrested for possession of crack cocaine. (2) The officer discovered
that license plate "MCR-79C" belonged to a four-door Toyota owned by Cheryl Finnen of Austin. 
Jacobson then sent Officer Troy Officer to the motel to watch room 235. Officer watched the room from
9:45 a.m. to approximately 1:00 p.m., during which time he confirmed that Fred Parish, listing 6303
Craigwood as his home address, had checked into room 235 at 3:00 a.m. that morning and paid cash for
the room. The only activity Officer observed during his surveillance was Parish leaving the motel room
once. While Officer watched the room, Jacobson typed the affidavit setting forth the known information,
obtained the necessary magistrate's signature, and obtained the search and arrest warrant. (3) The warrant
stated that the officers expected to find cocaine and cash and tally sheets connected with drug sales in room
235 of the Ramada Inn. (4) 

 As Parish walked across a courtyard of the motel at 1:00 that afternoon, Officer Jacobson
arrested him pursuant to the warrant. A search of Parish's body revealed $428 in cash; a search of Parish's
room yielded nothing. Officers then searched the vehicle described in the affidavit and discovered
approximately 23 grams of crack cocaine. 

 Parish was charged with possession of a controlled substance with the intent to deliver. 
Parish challenged the admissibility of evidence on the ground that it was obtained in violation of his right to
be free from unreasonable searches and seizures under both federal and state law. After the trial court
denied the motion to suppress, Parish pleaded guilty to the offense of possession of a controlled substance. 
See Tex. Health & Safety Code Ann. § 481.115 (West 1994).



DISCUSSION


 By two points of error, Parish challenges the trial court's denial of his motion to suppress
the evidence on the ground that the affidavit supporting the issuance of the search and arrest warrant
contained insufficient information to establish probable cause, in violation of the federal and state
constitutions and the Texas Code of Criminal Procedure. (5) See U.S. Const. amend. IV, XIV; Tex. Const.
art. I, §§ 9, 19; Tex. Code Crim. Proc. Ann. art. 1.06 (West 1977), ch. 18 (West 1977 & Supp. 1997).

 We review a trial court's rulings at a suppression hearing for an abuse of discretion. State
v. Carter, 915 S.W.2d 501, 504-505 (Tex. Crim. App. 1996). In other words, we determine whether,
viewing the totality of the circumstances, a rational trial court could conclude that the police had probable
cause to justify the search. Id. In evaluating whether anonymously provided information suffices to support
a finding of probable cause, the informant's veracity, reliability, and basis of information are still "highly
relevant" factors. (6) Illinois v. Gates, 462 U.S. 213, 239 (1983); Rojas v. State, 797 S.W.2d 41, 43 (Tex.
Crim. App. 1990); Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987). Accordingly, an
anonymous telephone call alone rarely will merit the requisite level of suspicion to justify even an
investigative detention. Alabama v. White, 496 U.S. 325, 329 (1990); Salcido v. State, 758 S.W.2d
261, 264 (Tex. Crim. App. 1988); Glass v. State, 681 S.W.2d 599, 601 (Tex. Crim. App. 1984). The
anonymously provided information must contain some indicia of reliability or be "reasonably corroborated"
by police before it can be used to justify a search. See Gates, 462 U.S. at 242; White, 496 U.S. at 329;
Rojas, 797 S.W.2d at 44; Glass, 681 S.W.2d at 601. Moreover, mere corroboration of details that are
easily obtainable at the time the information is provided will not support a finding of probable cause. Gates,
462 U.S. at 245; Rojas, 797 S.W.2d at 44; Correll v. State, 696 S.W.2d 297, 299 (Tex. App.--Fort
Worth 1985, pet. ref'd). In addition, wholly conclusory statements in the affidavit will not suffice. Gates,
462 U.S. at 239; Carter, 915 S.W.2d at 504; Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim.
App.), cert. denied, 488 U.S. 848 (1988). 

 In Gates, authorities received an anonymous letter detailing a travel scheme with dates
upon which Sue Gates would drive from Illinois to Florida, leave the car to be loaded with drugs, and her
husband Lance Gates would fly down and drive the car back. Gates, 462 U.S. at 225. In upholding the
issuance of the warrant resulting from the tip, it was the "range of details relating . . . to future actions of
third parties ordinarily not easily predicted," corroborated by the police, which elevated the information to
the level of probable cause. Id. In Angulo, an anonymous caller informed police that "two Cuban
males" possessing narcotics would be going to the Casa Maria apartments, #54, in a red Pacer that had
a red rag in the gas tank. Angulo, 727 S.W.2d at 277. Angulo involved a plethora of additional details
corroborating the anonymous tip, including an ongoing narcotics investigation by the police of the apartment
in question and a simultaneous tip from a previously reliable informant. Id. The court of criminal appeals
held that the totality of the circumstances provided the officers with probable cause to search the
automobile. Id. at 280.

 The State asserts that its corroboration of all of the information given, along with the
additional fact that Parish had been previously convicted of possession of a controlled substance,
demonstrates the probability that the information was reliable. The State relies on Angulo in support of its
argument, contending "it is the amount of corroboration of the tip that controls the issue of probable cause." 
The trial court agreed, stating at the suppression hearing:



It appears to me that when you have information from a concerned citizen through Crime
Stoppers and the concerned citizen does not wish to be identified, the question then is not
the credibility of the concerned citizen, but the credibility of the information that he gives
to the police department; and it appears here that all the information that he gave was
found to be true.



 Both Gates and Angulo involved significant circumstances in addition to the anonymously
provided information, raising the suspicion to the level of probable cause. By contrast, in Rojas, a
confidential informant told police he "was advised" that a car owned by the defendant had marijuana in the
trunk and would be at a funeral that day. Police followed the car from the cemetery to a truck stop where
they detained the suspects long enough to obtain a drug dog to sniff the car, after which a search warrant
was obtained. The court of criminal appeals held: 



[I]n order to satisfy the totality of the circumstances test, when an anonymous tip is relied
upon to furnish probable cause, the informer must assert personal knowledge or there must
be additional facts showing reason to believe that the contraband sought will probably be
where the information indicates it will be.



Rojas, 797 S.W.2d at 44. Thus, corroboration of a bare tip that a person is engaging in criminal activity
is insufficient to create probable cause for a search warrant; rather, it is the amount and nature of the
corroborated details within the tip that is important. See Gates, 462 U.S. at 225; White, 496 U.S. at 332;
Rojas, 797 S.W.2d at 44; Angulo, 727 S.W.2d at 280. In White, a confidential informant told police that
White, carrying drugs, would leave a particular apartment at a certain time in a certain vehicle and drive to
a particular motel. The Supreme Court found that, although "a close case," the caller's "ability to predict
. . . future behavior" created a sufficient indicia of reliability to provide reasonable suspicion justifying the
investigative stop. White, 496 U.S. at 332 (emphasis in original). The intimate nature of the caller's
information provided the tip's reliability. (7)

 We conclude that the record does not support a finding of probable cause sufficient to
justify the issuance of a search warrant. We believe the facts of the present case are like those reviewed
by the Fort Worth Court of Appeals in Correll. See Correll, 696 S.W.2d at 298. There the caller told
police, "in room 105 Ranchhouse motel you'll find Carol Loman and Charles Connell [Correll] and fifteen
pounds of pot." Id. Police confirmed that the room was reserved in the name of Charles Connell [Correll]. 
Police then observed two cars, which they discovered were registered to the persons identified in the tip,
arrive in front of the room. Police subsequently obtained a search warrant, and, upon search of the motel
room, found the marijuana. The court of appeals reversed the conviction, finding that it was not even a
doubtful or marginal case. Id. at 299. 

 As in Correll, police in the present case merely corroborated that the room occupant and
the car he was driving were properly identified by the informant, information which anyone could have
discovered. The anonymous informant asserted no basis for personal knowledge of the facts given. See
Rojas, 797 S.W.2d at 44. The only additional details in the tip were that Parish went by another name and
was driving a borrowed car. We do not think these scant facts supplied a basis for the tip's reliability. 
They were ascertainable by anyone who Parish may have been in contact with; for example, he may have
related them to the motel clerk when he registered for the room. Nor are we convinced that a prior
conviction provides the "additional facts" necessary to establish the probability that the person is presently
engaging in criminal activity. An anonymous tip, without the observation of any other activity indicating
criminal conduct, does not provide probable cause to search the person's home or personal effects solely
because that individual has a criminal record. When the tip itself provides no indicia of reliability, such as
the prediction of future actions, there must be something more, such as observed activity to elevate the level
of suspicion. See Gates, 462 U.S. at 245; Giossi v. State, 831 S.W.2d 887, 889 (Tex. App.--Austin
1992, pet. ref'd); Correll, 696 S.W.2d at 299. Here, all that the officers observed was Parish leaving the
motel room. We hold that, based on the totality of the circumstances, the facts asserted in the affidavit in
this case do not support a finding of probable cause sufficient to justify issuance of a search and arrest
warrant. Therefore, the trial court abused its discretion in overruling the motion to suppress. We sustain
both points of error. (8)


CONCLUSION


 Having sustained Parish's two points of error, we reverse the judgment of conviction and
remand for a new trial.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: January 9, 1997

Publish



APPENDIX: Probable Cause Portion of Affidavit













1.   The cause in the trial court is styled "Freddie Parish, a/k/a Freddie Dean Parish, a/k/a Fred
Douglas." The cause below which is appealed to this court, No. 953506, simply identified
appellant as Freddie Parish.
2.   The prior arrest occurred in October 1993 while Parish was standing on Craigwood Drive. 
After receiving numerous complaints that drug dealers were loitering on the street, police officers
approached Parish, who identified himself as Fred Williams. The officers discovered "Fred
Williams" had outstanding arrest warrants and attempted to arrest Parish. Parish resisted arrest,
but officers eventually subdued him and found crack cocaine in his mouth. This arrest resulted
in Parish being sentenced to six months of community supervision.
3.   The probable cause portion of the affidavit for the search and arrest warrant is attached as
an appendix to this opinion.
4.   The warrant did not name the vehicle as a place to be searched.
5.   Parish argues his first and second points of error, respectively, under the federal and state
constitutions and corresponding case law. The Texas Court of Criminal Appeals has held that,
in satisfying the probable cause requirement of Article I, Section 9, the Texas Constitution
provides no more protection than the federal constitution; state courts are free to follow the lead
of the United States Supreme Court. Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim. App.),
cert. denied, 488 U.S. 848 (1988). We, therefore, will address both points of error together.
6.   Formerly, courts sought to determine the existence of each of these requirements, under the
Aguilar-Spinelli test. See Aguilar v. Texas, 378 U.S. 108(1964); Spinelli v. United States, 393 U.S.
410 (1969).
7.   We note that the probable cause needed to justify issuance of a warrant is a higher standard
than the reasonable suspicion required to justify an investigative stop. See White, 496 U.S. at 330
("reasonable suspicion is a less demanding standard than probable cause"); Johnson v. State, 912 S.W.2d
227, 235 (Tex. Crim. App. 1995) (officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable cause to arrest). We do not think
it necessary to detail the cases which held the facts did not even rise to the level of reasonable suspicion. 
 See Salcido, 758 S.W.2d at 264; Glass, 681 S.W.2d at 601; Giossi v. State, 831 S.W.2d 887, 889
(Tex. App.--Austin 1992, pet. ref'd). 
8.   The State also asserts that even if the affidavit was insufficient to establish probable cause,
Officer Jacobson's good faith reliance on the search and arrest warrant supports the trial court's
ruling. See United States v. Leon, 468 U.S. 897 (1984). We reject the State's argument here, where
Jacobson both prepared the affidavit supporting the search warrant and executed the warrant upon Parish. 
See Leon, 469 U.S. at 922.


AN>


CONCLUSION


 Having sustained Parish's two points of error, we reverse the judgment of conviction and
remand for a new trial.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reversed and Remanded

Filed: January 9, 1997

Publish



APPENDIX: Probable Cause Portion of Affidavit













1.   The cause in the trial court is styled "Freddie Parish, a/k/a Freddie Dean Parish, a/k/a Fred
Douglas." The cause below which is appealed to this court, No. 953506, simply identified
appellant as Freddie Parish.
2.   The prior arrest occurred in October 1993 while Parish was standing on Craigwood Drive. 
After receiving numerous complaints that drug dealers were loitering on the street, police officers
approached Parish, who identified himself as Fred Williams. The officers discovered "Fred
Williams" had outstanding arrest warrants and attempted to arrest Parish. Parish resisted arrest,
but officers eventually subdued him and found crack cocaine in his mouth. This arrest resulted
in Parish being sentenced to six months of community supervision.
3.   The probable cause portion of the affidavit for the search and arrest warrant is attached as
an appendix to this opinion.
4.   The warrant did not name the vehicle as a place to be searched.
5.   Parish argues his first and second points of error, respectively, under the federal and state
constitutions and corresponding case law. The Texas Court of Criminal Appeals has held that,
in satisfying the probable cause requirement of Article I, Section 9, the Texas Constitution
provides no more protection than the federal constitution; state courts are free to follow the lead
of the United States Supreme Court. Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim. App.),
cert. denied, 488 U.S. 848 (1988). We, therefore, will address both points of error together.
6.   Formerly, courts sought to determine the existence of each of these requirements, under the
Aguilar-Spinelli test. See Aguilar v. Texas, 378 U.S. 108(1964); Spinelli v. United States, 393 U.S.
410 (1969).
7.   We note that the probable cause needed to justify issuance of a warrant is a higher standard
than the reasonable suspicion required to justify an investigative stop. See White, 496 U.S. at 330
("reasonable suspicion is a less demanding standard than probable cause"); Johnson v. State, 912 S.W.2d
227, 235 (Tex. Crim. App. 1995) (officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable cause to arrest). We do not think
it necessary to detail the cases which held the facts did not even rise to the level of reasonable suspicion.