NUMBER 13-10-00087-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

AMADEO SAENZ,                                                                
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
197th District Court 

of Willacy County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Garza,
Vela, and Perkes 

Memorandum Opinion by
Justice Perkes

                                                                                                                                    

Pursuant to a plea-bargain agreement,
appellant, Amadeo Saenz, pleaded guilty to third-degree felony theft and was
placed on deferred-adjudication community supervision for a term of two years
and ordered to pay restitution.  See Tex.
Penal Code Ann. § 31.03 (a), (b)(1), (e)(5) (West 2003); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West 2003).  By a single
issue, appellant argues the trial court erroneously denied his pre-trial motion
to suppress a stolen motor boat that was seized from appellant’s residential property.[1] 
Appellant argues the evidence should have been suppressed because the search
warrant used to enter his property was not issued upon a showing of probable
cause.  We affirm.

I.  Factual Background 

In August 2007, a 1987 Shallow Sport
boat with a Suzuki 140 horsepower motor, valued between $20,000 and $100,000, was
stolen from a storage yard at the Mansfield Club in Port Mansfield, Texas.  On
May 28, 2008, Will Bullock, the manager of the Mansfield Club, provided a
voluntary written statement to the Law Enforcement Division of the Texas Parks
and Wildlife Department.  In his statement, Bullock stated that someone who
wished to remain unknown reported to him that the stolen boat was located at a
particular location in Cameron County, Texas.  Bullock stated further that he
had driven past the location and observed the front section of a boat, which
matched the stolen boat, adding he could not verify it was the same boat but
the color was correct.  The boat had a bright, baby-blue hull.  

After driving by the location and
observing from the road a boat that matched Bullock’s description of the stolen
boat, Game Warden David Nieto obtained a search warrant to enter the property
and seize the motor boat and the trailer to which it was attached.  While Nieto
obtained the warrant, another game warden watched the property from the road.  When
the warrant was executed, the boat and trailer were stationed in front of or
just under an unenclosed, three-sided shed, located approximately forty yards
from appellant’s residence.   

Appellant filed a written pre-trial
motion to suppress the stolen property, arguing Nieto’s search-warrant
affidavit lacked sufficient facts to show probable cause and therefore the
search warrant should not have been issued and the search and seizure were
illegal.  See Tex. Code Crim.
Proc. Ann. arts. 18.01(b); 38.23(a) (West 2003).[2]
 In his search-warrant affidavit, Nieto included identification numbers for the
boat, trailer, and motor, and referenced a written witness statement as a basis
for probable cause.  But, in his affidavit, Nieto did not mention Bullock by
name or otherwise set forth the contents of Bullock’s witness statement.  After
holding a pre-trial hearing on the motion, the trial court denied appellant’s
motion to suppress and this appeal followed.[3]


II.  Standard of Review

The Fourth Amendment to the United
States Constitution and Article I, Section 9 of the Texas Constitution
guarantee the right of the people to be secure against unreasonable governmental
searches of their persons, houses, papers, and effects.  U.S. Const. amend. IV; Tex. Const. art. I, § 9.  By Texas law,
a peace officer requesting a search warrant must file a supporting affidavit
averring facts sufficient to establish probable cause.  See Tex. Code Crim. Proc. Ann. art. 18.01(b).  

Probable cause exists when the facts
submitted to the magistrate are sufficient to justify a conclusion that the
property that is the object of a search probably is on the premises to be
searched.  Green v. State, 736 S.W.2d 218, 219 (Tex. App.—Corpus Christi
1987, no writ) (citing Gish v. State, 606 S.W.2d
883, 886 (Tex. Crim. App. 1980)).  We review whether the “totality of the
circumstances” justifies a magistrate’s conclusion that the statements in a
search-warrant affidavit set forth probable cause; no particular criteria is
considered dispositive.  Id. (citing Illinois v. Gates, 462 U.S.
213, 238 (1983)).  The magistrate’s task in determining probable cause is to
make a common-sense determination, given all the circumstances set forth in the
affidavit, whether there is a fair probability that contraband or evidence of a
crime will be found in a particular place.  Id.

As a reviewing court, we ensure the magistrate had a
substantial basis to conclude that probable cause existed.  Id.

In
keeping with the constitutional preference for warrants, we review a
magistrate’s probable-cause determination under a highly deferential standard. 
Rodriguez v. State, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007); Swearingen
v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  When reviewing a search-warrant
affidavit, we review only within the four corners of the search-warrant
affidavit for probable cause and cannot consider, for instance, statements made
during a hearing on a pre-trial motion to suppress.  Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996); Jones v. State, 338 S.W.3d
725, 734 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  Instead, we interpret
search-warrant affidavits to determine whether the magistrate could have found
probable cause based on the facts the affiant provided and the inferences
supported by those facts.  Rodriguez, 232 S.W.3d at 62.  When in
doubt, we defer to all reasonable inferences the magistrate could have made.  Id.
at 61.  

III.  Analysis and Discussion

            Appellant
argues Nieto’s affidavit was insufficient to support the magistrate’s
probable-cause finding because it did not name the witness (i.e., Bullock) or
demonstrate his reliability and it did not specify what crime Nieto believed
occurred or why he believed a crime occurred.[4] 
Although
appellant frames his argument in terms of both the United States
and Texas Constitutions, he does
not separately brief his state and federal constitutional claims. An appellant claiming relief
under both the federal and state constitutions must “analyze, argue or provide
authority to establish that his protection under the Texas Constitution exceeds
or differs from that provided to him by the Federal Constitution.”  Arnold
v. State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993).  Therefore, we assume
appellant claims no greater protection under the state constitution than that
provided by the federal constitution.  See Muniz v. State, 851 S.W.2d
238, 251–52 (Tex. Crim. App. 1993).

            In relevant part, Nieto’s affidavit, filed in
support of his search-warrant request, provided as follows:

It is the belief of
Affiant, and Affiant hereby charges and accuses that said suspected party has
possession of and is concealing at said suspected place, in violation of the
laws of the State of Texas, the following described personal property, to wit:
1987 Shallow Sport TX 1210 CZ HIN# SZX00359C787 [line break] 140 HP Suzuiki
[sic] Motor SU# 14001F681062 [line break] McCain [sic] Trailer SU#
4LYBA19154H00 1429. 

 

Affiant has probable
cause for the said belief by reason of the following facts, to wit: From
witness [sic] written statement, also I was able to observe a boat from
Williams Rd. that matched the description of the boat being a blue hull with a
Suzuiki [sic] Motor.

 

Appellant treats this case as one
involving a tip from an anonymous informant.  Relying on Aguilar v. Texas,
appellant argues Nieto’s affidavit was insufficient because it did not contain
specific facts showing the informant had a valid basis for the belief evidence
of a crime would be found on appellant’s property.  See Aguilar v. State of
Texas, 378 U.S. 108, 114 (1964).  Appellant argues “there is not a single
fact in the affidavit that establishes the informant’s reliability” and that it
establishes only that he or she made a written statement.  Relying on Parish
v. State and Correll v. State, appellant adds that Nieto’s
corroboration of the color of the boat and the type of motor as described in
the search-warrant affidavit, was insufficient to support a finding of probable
cause because corroboration of innocent facts that are obvious to a casual
observer does not render a tip reliable.  See Parish v. State, 939
S.W.2d 201, 204–05 (Tex. App.—Austin 1997, no pet.) (holding anonymous tip that
lacked any indicia of reliability such as corroboration of future actions could
not provide probable cause for search and arrest warrant); Correll v. State,
696 S.W.2d 297, 298 (Tex. App.—Fort Worth 1985, pet. ref’d) (holding
corroboration of non-detailed, innocent activity that did not relate to future
events did not render anonymous tip reliable).    

Appellant’s reliance on Aguilar, Parish,
Correll is misplaced because Aguilar has been overruled, and,
applying the deferential standard of review, we find that this is not an
anonymous-informant case.  In Illinois v. Gates, the United
States Supreme Court abandoned the rigid Aguilar test for
determining the reliability of an informant’s tip to show probable cause for
issuing a search warrant.   Gates,
462 U.S. at 238; Mayfield v. State, 800 S.W.2d 932, 934 (Tex. App.—San
Antonio 1990, no pet.).  Post-Aguilar, the veracity and
basis of knowledge of persons supplying hearsay information are relevant
considerations in the totality-of-the-circumstances analysis.  Trevino v.
State, 875 S.W.2d 373, 376 (Tex. App.—Corpus Christi 1994, no pet.) (citing
Gates, 462 U.S. at 233).  But an affiant can rely on hearsay as long as
a substantial basis for crediting the hearsay is presented.  Id.   

The Texas Court of Criminal Appeals does
not view information that is freely given to police by citizens who provide
their names with the same suspicion reserved for information from anonymous
police informants who have an unproven record of reliability.  See West v. State,
720 S.W.2d 511, 513 n.2 (Tex. Crim. App. 1986).  A magistrate may rely on
information provided by a private citizen who is a witness to a crime because
unlike many police informants, private citizens are much less likely to produce
false or untrustworthy information.  Johnson v. State, 803 S.W.2d 272,
289 (Tex. Crim. App. 1990) (en banc), overruled on other grounds by Heitman
v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991); Marquez v. State,
725 S.W.2d 217, 234 (Tex. Crim. App. 1987) (en banc), overruled on other
grounds by Moody v. State, 827 S.W.2d 875, 892 (Tex. Crim. App 1992); State
v. Wester, 109 S.W.3d 824, 826–27 (Tex. App.—Dallas 2003, no pet.)
(distinguishing statement from named informant under arrest on suspicion of
drug offense from statement of average citizen reporting a crime to police); see
also Morris v. State, 62 S.W.3d 817, 824 (Tex. App.—Waco 2001, no pet.)
(holding police officer’s affidavit was sufficient to establish probable cause
because of inherent reliability and credibility of named-citizen informant
whose only contact with police resulted from having witnessed another’s
criminal act).  

In Marquez, the Court of Criminal
Appeals addressed a criminal defendant’s argument that a search-warrant
affidavit was insufficient to show probable cause because it did not contain
facts to show the reliability or credibility of witnesses who provided the affiant
substantive information.  Marquez, 725 S.W.2d at 233.  In Marquez,
the affidavit mentioned peace officers and Rosa and Daniel Gutierrez, who
apparently were ordinary citizens, as sources of the affiant’s information.  Id. 
The affidavit set forth that the Gutierrezes saw the defendant at a crime
scene and the defendant led Rosa Gutierrez to a room with two dead bodies in
it, telling her in Spanish, “Now I have avenged myself.”  The affidavit did not
otherwise describe the Gutierrezes’ connection with the case, but set forth,
“your Affiant believes the above information to be reliable and credible
because all of it comes either from peace officers or from individuals with no
known criminal record.”  Id.  The affidavit did not state the Gutierrezes
were ordinary citizens.  The court rejected the defendant’s credibility
argument and, in the context of considering the totality of the circumstances
presented, the court stated that while it is true that facts showing
reliability should be included when the information contained in the affidavit
is given by a confidential informant, as a matter of constitutional law, an
ordinary citizen as a witness in a case is presumed to be reliable and no
special showings are required.  Id.    

  Considering the totality of the
circumstances presented in this case and deferring to the magistrate’s reasonable
inferences, we conclude Nieto’s search-warrant affidavit was sufficient to
establish a fair probability that a stolen motor boat and trailer were located
on appellant’s property.  The facts contained in Nieto’s affidavit provided the
magistrate a substantial basis to conclude an ordinary citizen reported the
boat, motor, and trailer stolen to law enforcement and that witness provided a
written statement, the current location of the boat, and identification numbers
for the property—information likely to be known by the property owner or a
person with a right to possession of the property.  See id.  Because a
written witness statement and detailed identifying information concerning the
property were provided to law enforcement, the magistrate could reasonably
conclude the witness who reported the property stolen also provided law
enforcement his name in an effort to claim the property and regain possession
of it.  In addition, Nieto documented in his search-warrant affidavit that he
saw from the road, a boat with the same color hull and a Suzuki motor on
appellant’s property.  

We overrule appellant’s sole issue on
appeal.    

IV.  Conclusion

We affirm the trial court’s denial of
appellant’s motion to suppress.

 

                                                                        ______________________           

                                                                                    GREGORY
T. PERKES

                                                                                    Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

18th day of August,
2011.









[1]  In his testimony at
the pre-trial hearing on appellant’s motion to suppress, Game Warden David
Nieto of the Texas Parks and Wildlife Department described the residential property
as belonging to appellant. 





[2] Article 18.01(b)
provides, in relevant part: “No search warrant shall issue for any purpose in
this state unless sufficient facts are first presented to satisfy the issuing
magistrate that probable cause does in fact exist for its issuance.”  Tex. Code Crim. Proc. Ann. art.
18.01(b) (West 2003).  

Article 38.23(a) provides, in relevant part: “No evidence
obtained . . . in violation of any provisions of the Constitution or laws of
the State of Texas, or of the Constitution or laws of the United States of
America, shall be admitted in evidence against the accused on the trial of any
criminal case.”  Id. art. 38.23(a).  





[3]  The trial court’s
adverse ruling on appellant’s motion to suppress preserved appellant’s single issue
for review.  See Tex. R. App. P.
33.1; Garcia v. State, 45 S.W.3d 733, 736 (Tex. App.—Corpus Christi
2001, no pet.).  Though appellant was placed on deferred-adjudication community
supervision and not convicted, appellant has a right to appeal the trial
court’s denial of his motion to suppress.  See Tex. Code Crim.
Proc. Ann. art. 44.02 (West 2003); Hargesheimer v. State, 182
S.W.3d 906, 908 (Tex. Crim. App. 2006); Dillehey v. State, 815 S.W.2d 623,
626 (Tex. Crim. App. 1991).   

 





[4]  Once, in the
“Summary of the Argument” section of his brief, appellant argues, without citation
to legal authority, that Nieto’s affidavit was insufficient to show probable
cause that the boat would be on appellant’s property at the time the search
warrant issued.  Appellant does not raise this argument in the “Argument”
section of his brief.  We do not reach the merits of this contention, if any,
because appellant has failed to support this argument with citation to
supporting legal authority.  See Tex.
R. App. P. 38.1(i);
Rocha v. State, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (explaining an argument
that is not supported by citation to legal authority presents nothing for
appellate review); see also Swearingen v. State, 101 S.W.3d 89, 100
(Tex. Crim. App. 2003) (concluding defendant waived his challenge to
search-warrant affidavits by failure to adequately brief the complaint on
appeal); Franks v. State, 90 S.W.3d 771, 778 (Tex. App.—Fort Worth 2002,
no pet.) (finding appellate challenge to search- and arrest-warrant affidavits
waived by failure to adequately brief).