The STATE of Texas, Appellant,

v.

Rober Meloy CARTER, Appellee.

No. 1102–94.

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1996.

Rife S. Kimler, Beaumont, for appellant.

Ramon L. Rodriguez, Jr., Asst. Dist. Atty., Beaumont, Jeffrey L. Van Horn, Asst. State's Attorney, Austin, and Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The State appealed a pre-trial order granting appellee's motion to suppress evidence obtained in the course of an allegedly unlawful search of appellee's person. The trial court granted the appellee's motion to suppress because it found a lack of probable cause to support the search. On appeal, the Beaumont Court of Appeals held the trial court abused its discretion in failing to find probable cause, reversed the trial court's order granting the motion to suppress, and remanded the cause for trial. *State v. Carter*, 882 S.W.2d 940 (Tex.App.—Beaumont 1994). One justice dissented, complaining that the majority had failed to address the evidence adduced at the motion to suppress hearing in the light most favorable to the trial court's ruling. In his petition for discretionary review appellee now asserts that the court of appeals failed to give due deference to the trial court's determination regarding probable cause. Having already granted a State's petition for discretionary review in another cause raising a similar claim of undue appellate encroachment upon the trial court's prerogative, see *Dubose v. State*, 915 S.W.2d 493 (Tex.Cr.App. delivered this day), we granted appellee's petition in this cause as well. Tex.R.App.Pro., Rule 200(c)(2) & (5).

### I.

Only one witness appeared at the motion to suppress hearing. Officer Baise of the Port Arthur Police Department testified that on March 27, 1992, he received word from a confidential informant that two black males of a certain description were standing outside Apartment 35 of the Argosy Apartments, selling cocaine to motorists passing by. At that time this apartment complex was a high drug traffic area. In fact, Baise had received information from the same informant about drug activity there before. On the basis of this representation, Baise and three other

officers rendezvoused at the police department, and proceeded from there, within 30 minutes of the initial tip, to the Argosy Apartments. Baise explained that he did not obtain a search warrant because he hoped any suspects they might find would consent to a search; if not, he would then seek a warrant. After prompting by the prosecutor, Baise also explained that he believed that in the time it would take to secure a warrant, the suspects would be gone. He did not know whether a magistrate was available at that time or not.

At the Argosy Apartments, the officers saw two black males who closely fit the informant's description walk out of Apartment 37. The officers "detained" the two suspects, one of whom was appellee, and explained that they had received information that two men meeting their description had been reported selling cocaine. Baise testified that appellee and his companion denied it was them, and allowed "that we could search them." On cross-examination Baise admitted he had not actually heard appellee consent, since he had been focussing on the other suspect.[1] The officers discovered cocaine in appellee's possession.

Baise's unidentified informant had given him information on a half-dozen prior occasions, and had always proved reliable. However, Baise did not testify as to how the informant came upon his information either on prior occasions or on the occasion in question here. Nor did the officers wait to see if they might observe anything that would corroborate the informant's representation that appellee and his companion were selling cocaine before they approached them. At the conclusion of the hearing the trial judge specifically opined that "there was not probable cause at all to walk up and begin searching." He agreed with defense counsel that this was true "[e]ven taking into the account the information from the confidential informant." Accordingly, he granted appellee's motion to suppress.

The court of appeals majority acknowledged that it "must view the evidence in the light most favorable to the trial court's rul-

ing." *State v. Carter*, supra, 882 S.W.2d at 943. Nevertheless the majority concluded that:

> "[u]nder the Fourth Amendment the determination of reasonableness of a search is a conclusion of law. Conclusions of law are always reviewable by an appellate court, thus, our focus is on whether there was probable cause to conduct a particular search or seizure. It is apparent to this Court that the trial court either totally rejected or else totally overlooked the evidence regarding the informant's reliability. It is this unimpeached uncontradicted evidence of reliability that makes the 'totality of circumstances' connect. We hold that the trial court's disregard of this pertinent and unchallenged evidence constitutes an abuse of discretion and that probable cause did exist for the detention and search of appellee."

*Id.*, at 944–45 (citations omitted). Thus the court of appeals effectively held that so long as there is evidence in the record that would support a finding of probable cause—evidence of a kind, that is, upon which an appellate court would uphold a finding of probable cause had one actually been made in the trial court—a trial court has no other recourse than (and indeed, abuses its discretion if it fails) to find probable cause. We cannot condone this obstruction of the institutional role of the trial court in our criminal justice system.

### II.

The court of appeals correctly identified the substantive law governing informant-based probable cause to conduct a warrantless search. In *Eisenhauer v. State*, 678 S.W.2d 947 (Tex.Cr.App.1984), this Court held that the "totality of the circumstances" approach, adopted by the United States Supreme Court for purposes of appellate determination of the sufficiency of search warrant affidavits in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), would apply to appellate review to warrantless searches as well. That is to say, no longer would the former "hyper-technical" "two-

---

1. The officer that actually searched appellee and found cocaine on his person died between the time of the arrest and the pre-trial hearing, and was not available to testify.

pronged" scrutiny of *Aguilar/Spinelli* apply to reviewing probable cause supplied by a confidential informant, whether or not a warrant was obtained.[2] Thus, it is no longer imperative that the record reveal both that the informant is, if not generally credible, at least reliable on the specific occasion in question, and that the informant has a substantive basis for knowing whereof he speaks. Compelling evidence of one prong will make up for a deficiency in the other, and a magistrate (or trial court, in the case of a warrantless search) is not required to find both before finding probable cause. Moreover, reviewing courts are not to conduct a *de novo* review of the magistrate's (or the trial court's, if *sans* warrant) probable cause determination. *Illinois v. Gates,* supra, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546–47; *Eisenhauer v. State,* supra, 678 S.W.2d at 952. As long as there is a "substantial basis" in the record to support the magistrate's (or trial court's) ruling, it is impervious to appellate reversal. *Massachusetts v. Upton,* 466 U.S. 727, at 732–33, 104 S.Ct. 2085, at 2088, 80 L.Ed.2d 721, at 727 (1984); *Eisenhauer,* supra.

■ This deference is not a one-way street. It applies equally to a finding of probable cause and a failure to find probable cause. Of course, a magistrate's failure to approve a search warrant for lack of probable cause in the supporting affidavit is not subject to appellate scrutiny at all. But a trial court's ruling whether a warrantless search was supportable by probable cause is expressly reviewable if made pre-trial, under Article 44.01(5), V.A.C.C.P. Still, in this context the trial court is the institutional arbiter of probable cause. Tex.R.Cr.Evid., Rule 104(a). Both its findings of historical fact *and* its application of the law to those facts are entitled to great deference on appeal— assuming the trial court is applying the appropriate legal standard. Just because an appellate court can say that the record provides a "substantial basis" for finding that probable cause supported a warrantless search does not mean that the trial court abuses its discretion not to make that finding. A trial court is no more required to find probable cause on sufficient evidence than a jury is required to convict just because an appellate court can say that the evidence is sufficient to support a rational verdict of guilty. If the record provides a rational basis to reject a finding of probable cause, a reviewing court should defer to the trial court. Even if the court of appeals would have reached a different result, as long as the trial court's ruling is within the "zone of reasonable disagreement," the appellate court should not intercede. *Montgomery v. State,* 810 S.W.2d 372, at 391 (Tex.Cr.App. 1991) (Opinion on rehearing on Court's own motion).

The court of appeals cited *Higbie v. State,* 780 S.W.2d 228, at 230 (Tex.Cr.App.1989), seemingly for the proposition that determining probable cause involves not just resolving conflicts of historical facts, but also deciding the legal significance of those facts. To this latter extent it is subject to appellate scrutiny. Of course that is true. But even with regard to the legal conclusion, the proper appellate posture is one of deference to the ruling of the institutional arbiter—here, because it was a warrantless search, the trial court. This deference applies in equal measure whether that ruling benefits the criminal defendant, as here, or the State, as in *Gates, Upton,* or *Dubose v. State,* decided this day. *Higbie* does not authorize a *de novo* appellate review.

■ In the instant cause the record provided a basis to find that Baise's confidential informant was generally credible. It does not specifically reveal the basis for the informant's knowledge, however, and provides no independent police corroboration of any incriminating aspect of the informant's tip. Whether this information might support a magisterial or judicial finding of probable cause, neither we nor the court of appeals has any cause to decide in this appeal, since no such finding was made in the trial court. The issue, rather, is whether, viewing the totality of the circumstances, a rational trial court could conclude, pursuant to its obligation under Rule 104(a), that the police

---

2. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

lacked probable cause to search appellant. Absence of the basis of knowledge prong, and of incriminating corroborative circumstances, are surely relevant to that determination, under *Illinois v. Gates.* We will not undertake this inquiry, however, for the first time on discretionary review. *Lee v. State,* 791 S.W.2d 141 (Tex.Cr.App.1990).

Although nominally the court of appeals held that the trial court abused its discretion in this cause, we are not wholly satisfied it was not conducting a *de novo* review for probable cause in this case.[3] As in *Dubose,* we therefore vacate the judgment of the court of appeals and remand the cause for further analysis and disposition not inconsistent with this opinion.

BAIRD and OVERSTREET, JJ., dissent for reasons stated in *Dubose v. State,* 915 S.W.2d 493 (Tex.Cr.App. delivered this date) (Baird, J., dissenting).

---

**3.** As in *Dubose,* the court of appeals seems to have applied the correct legal standard and considered all relevant facts. Nevertheless, it is not clear that the court of appeals was not conducting a *de novo* review of the probable cause issue in this cause. As we said in *Dubose:* "In the premises, [*Arcila v. State,* 834 S.W.2d 357 (Tex. Cr.App.1992)] does not require us to defer to the court of appeals' ruling." (915 S.W.2d at 495).