**The STATE of Texas, Appellant,**

v.

**James Edward BROWN, Appellee.**

No. 06–94–00038–CR.

Court of Appeals of Texas,
Texarkana.

July 17, 1996.

Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellant.

Hal E. Turley, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

**OPINION ON REMAND**

STARR, Justice.

This case comes to us on remand from the Texas Court of Criminal Appeals. In our original opinion, we reversed the trial court's order suppressing the introduction into evidence of a brown paper sack containing crack cocaine. In granting the motion to suppress, the trial court necessarily found by implication that the sack was seized during an unlawful detention. We held that the trial court abused its discretion in making this finding because Brown abandoned the sack before the police took any action that could be characterized as an unlawful detention. *State v. Brown,* No. 06–94–00038–CR, slip op. at 5 (Tex.App.—Texarkana, Aug.24, 1994, n.w.h.)(not designated for publication).

■ On petition for discretionary review, the Texas Court of Criminal Appeals remanded the case for our reconsideration in light of *State v. Carter,* 915 S.W.2d 501 (Tex. Crim.App.1996), and *DuBose v. State,* 915 S.W.2d 493 (Tex.Crim.App.1996). The court in *Carter* and *DuBose* held that in reviewing a trial judge's decision granting or denying a motion to suppress evidence, an appellate court is not to conduct a *de novo* review of the record, but is instead to limit its review of the trial court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether the trial court abused its discretion. *Carter,* 915 S.W.2d at 505; *DuBose,* 915 S.W.2d at 496.

■ Without conducting a *de novo* review of the record, we again hold that the trial court in this case abused its discretion in suppressing the evidence. Viewing the totality of the circumstances, and giving deference to the trial court's role as to the credibility of witnesses, as well as the weight and legal significance of the facts before the court, the trial court's conclusion that the sack was seized as the result or fruit of an unlawful detention falls so far outside the zone of reasonable disagreement as to constitute an abuse of discretion. *See DuBose,* 915 S.W.2d at 496–97.

We hold that the evidence is admissible and remand the cause to the trial court for trial.