TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00546-CR







Leonor Ponce, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,313, HONORABLE JOE CARROLL, JUDGE PRESIDING







Appellant pleaded guilty to possessing more than one gram but less than four grams of
cocaine. Tex. Health & Safety Code Ann. § 481.115 (West Supp. 1997). The district court found that
the evidence substantiated appellant's guilt, deferred further proceedings without entering an adjudication,
and placed appellant on community supervision. The sole issue on appeal is whether the court erred by
overruling appellant's pretrial motion to suppress evidence seized during a warrantless search.

In 1996, the Court of Criminal Appeals held that an order granting or overruling a motion
to suppress should be reviewed on appeal as follows:


At a suppression hearing, the trial judge is the sole and exclusive trier of fact and
judge of the credibility of the witnesses, as well as the weight to be given their testimony. 
The trial judge is also the initial arbiter of the legal significance of those facts. The court of
appeals is to limit its review of the trial court's rulings, both as to the facts and the legal
significance of those facts, to a determination of whether the trial court abused its
discretion.



Dubose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996) (citations omitted); see also State v.
Carter, 915 S.W.2d 501, 504 (Tex. Crim. App. 1996). The Court of Criminal Appeals has now
expressly overruled Dubose and Carter and restated the standard of review:


[A]s a general rule, the appellate courts . . . should afford almost total deference to a trial
court's determination of the historical facts that the record supports especially when the
trial court's fact findings are based on an evaluation of credibility and demeanor. The
appellate courts . . . should afford the same amount of deference to trial courts' rulings on
"application of law to fact questions," also known as "mixed questions of law and fact,"
if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. The appellate courts may review de novo "mixed questions of law and fact"
not falling within this category.



Guzman v. State, No. 190-94 (Tex. Crim. App. Sept. 24, 1997). The time for filing a motion for
rehearing in Guzman has not expired, and thus the opinion is not yet final. 

The State's only witness at the suppression hearing was Temple police officer John
Palamara. On the afternoon in question, the officer was working with a confidential informer who was to
make a controlled purchase of cocaine. As Palamara watched from nearby, the informer spoke to the two
occupants of a blue Hyundai automobile. The officer could not hear the conversation nor did he see money
change hands. After the Hyundai drove off, however, the informer called Palamara on a mobile phone and
told him that he had given the driver $100 to buy cocaine. The informer said that the driver, a black male
named Jerry, and the other occupant of the car, a Hispanic female named Leonor, were going to Jerry's
residence on East Jackson to get the cocaine and would return to make the delivery. A check of
computerized police records disclosed that a black male named Jerry Alexander lived on East Jackson and
had previously been "handled" by the police while driving a blue Hyundai. Palamara followed the suspect
vehicle, stopping about one and one-half blocks away from the East Jackson address. Twenty minutes
later, the officer saw the Hyundai and its two occupants returning to the location where the delivery was
to take place. Other officers stopped the car and removed its occupants, Jerry Alexander and appellant
Leonor Ponce. A search of the vehicle revealed cocaine between the front seats.

Appellant argues that the police were not authorized to arrest her without a warrant and
that the cocaine should have been suppressed as the product of a search incident to an unlawful arrest. An
automobile may be searched without a warrant, however, if there is probable cause to believe that it
contains articles the officers are entitled to seize. Chambers v. Maroney, 399 U.S. 42, 48 (1970);
Carroll v. United States, 267 U.S. 132, 156 (1925); Christopher v. State, 639 S.W.2d 932, 935 (Tex.
Crim. App. 1982). In such cases, the right to search and the validity of the seizure are not dependent on
the right of arrest, but on the reasonable cause the searching officer had for believing that the automobile
contained contraband. Carroll, 267 U.S. at 158-59. A search warrant is unnecessary where there is
probable cause to search an automobile stopped on the highway because the automobile is moveable, the
occupants alerted, and the automobile's contents may never be found again if a warrant must be obtained. 
In addition, the expectation of privacy in an automobile is significantly less than in a home or office. Hence,
an immediate search of the automobile is constitutionally permissible. California v. Carney, 471 U.S.
386, 391 (1985); South Dakota v. Opperman, 428 U.S. 364, 367 (1976); Chambers, 399 U.S. at 51.

Probable cause for a search exists when the facts and circumstances within the officer's
knowledge and of which he has trustworthy information are sufficient within themselves to warrant a person
of reasonable caution in the belief that the instrumentalities or fruits of a crime are in the place to be
searched. Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Carroll, 267 U.S. at 162; Rojas
v. State, 797 S.W.2d 41, 43 (Tex. Crim. App. 1990). We look to the totality of the circumstances when
reviewing a record to determine the existence of probable cause. Illinois v. Gates, 462 U.S. 213, 238
(1983); Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987).

Palamara testified that the informer had given him reliable information on numerous
occasions, resulting in at least two convictions. On this occasion, the informer told Palamara that he had
given the occupants of the blue Hyundai $100 for cocaine. While the officer did not independently confirm
that a deal had been struck and money had changed hands, he did confirm the other facts provided by the
informer. The informer said that the driver of the car was named Jerry and lived on East Jackson; police
records showed that Jerry Alexander lived on East Jackson and was known to drive a blue Hyundai. The
informer said that Jerry and Leonor were going to Jerry's residence to get the cocaine and would return
to make the delivery; Palamara followed the blue Hyundai to the East Jackson address, and the Hyundai
and its occupants were returning to the location where the delivery was to take place when they were
stopped. In short, a reliable informer had given Palamara detailed information concerning a cocaine
transaction and every critical detail except the existence of the cocaine had been confirmed by the officer. 
See Whaley v. State, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985) (similar facts supported finding of
probable cause); Rodriguez v. State, 838 S.W.2d 780, 782 (Tex. App.--Corpus Christi 1992, no pet.)
(same).

Applying the Dubose standard of review, we conclude that the district court did not abuse
its discretion by determining from the totality of the circumstances that the police had probable cause to
believe that the blue Hyundai contained cocaine. Reviewing the evidence de novo as called for in Guzman,
we conclude that the totality of the circumstances gave the officers probable cause to believe that cocaine
was in the automobile. Under either standard of review, the officers were entitled to search the Hyundai
without a warrant pursuant to the automobile exception, and the district court did not err by overruling the
motion to suppress.

We affirm the district court's order.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 9, 1997

Do Not Publish



. An
automobile may be searched without a warrant, however, if there is probable cause to believe that it
contains articles the officers are entitled to seize. Chambers v. Maroney, 399 U.S. 42, 48 (1970);
Carroll v. United States, 267 U.S. 132, 156 (1925); Christopher v. State, 639 S.W.2d 932, 935 (Tex.
Crim. App. 1982). In such cases, the right to search and the validity of the seizure are not dependent on
the right of arrest, but on the reasonable cause the searching officer had for believing that the automobile
contained contraband. Carroll, 267 U.S. at 158-59. A search warrant is unnecessary where there is
probable cause to search an automobile stopped on the highway because the automobile is moveable, the
occupants alerted, and the automobile's contents may never be found again if a warrant must be obtained. 
In addition, the expectation of privacy in an automobile is significantly less than in a home or office. Hence,
an immediate search of the automobile is constitutionally permissible. California v. Carney, 471 U.S.
386, 391 (1985); South Dakota v. Opperman, 428 U.S. 364, 367 (1976); Chambers, 399 U.S. at 51.

Probable cause for a search exists when the facts and circumstances within the officer's
knowledge and of which he has trustworthy information are sufficient within themselves to warrant a person
of reasonable caution in the belief that the instrumentalities or fruits of a crime are in the place to be
searched. Brinegar v. United States, 338 U.S. 160, 175-76 (1949); Carroll, 267 U.S. at 162; Rojas
v. State, 797 S.W.2d 41, 43 (Tex. Crim. App. 1990). We look to the totality of the circumstances when
reviewing a record to determine the existence of probable cause. Illinois v. Gates, 462 U.S. 213, 238
(1983); Angulo v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987).

Palamara testified that the informer had given him reliable information on numerous
occasions, resulting in at least two convictions. On this occasion, the informer told Palamara that he had
given the occupants of the blue Hyundai $100 for cocaine. While the officer did not independently confirm
that a deal had been struck and money had changed hands, he did confirm the other facts provided by the
informer. The informer said that the driver of the car was named Jerry and lived on East Jackson; police
records showed that Jerry Alexander lived on East Jackson and was known to drive a blue Hyundai. The
informer said that Jerry and Leonor were going to Jerry's residence to get the cocaine and would return
to make the delivery; Palamara followed the blue Hyundai to the East Jackson address, and the Hyundai
and its occupants were returning to the location where the delivery was to take place when they were
stopped. In short, a reliable informer had given Palamara detailed information concerning a cocaine
transaction and every critical detail except the existence of the cocaine had been confirmed by the officer. 
See Whaley v. State, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985) (similar facts supported finding of
probable cause); Rodriguez v. State, 838 S.W.2d 780, 782 (Tex. App.--Corpus Christi 1992, no pet.)
(same).

Applying the Dubose standard of review, we conclude that the district court did not abuse
its discretion by determining from the totality of the circumstances that the police had probable cause to
believe that the blue Hyundai contained cocaine. Reviewing the evidence de novo as called for in Guzman,
we conclude that the totality of the circumstances gave the officers probable cause to believe that cocaine
was in the automobile. Under either standard of review, the officers were entitled to search the Hyundai
without a warrant pursuant to the automobile exception, and the district court did not err by overruling the
motion to suppress.