ACCEPTED
12-15-00059-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/27/2015 9:09:19 AM
CATHY LUSK
CLERK

CAUSE NO. 12-15-00059-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/27/2015 9:09:19 AM
CATHY S. LUSK
Clerk

FOR THE

STATE OF TEXAS

FILED

8/27/2015

Twelfth Court of Appeals
Pam Estes
Clerk

DERRICK DEMOND COOKS,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

## STATE'S REPLY TO APPELLANT'S BRIEF

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

MICHAEL J. WEST
Assistant Crimina1 District Attorney
Bar I.D. No. 21203300
Smith County Courthouse
100 N. Broadway
Tyler, Texas 75702
ph: (903) 590-1720
fax: (903) 590-1719
mwest@smith-county.com

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REPLY TO APPELLANT'S POINTS OF ERROR . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**COUNTERPOINT ONE: Appellant has not properly preserved this point. Alternatively, Appellant has waived any error by repeatedly and affirmatively stating that he had "no objection" to the evidence he that now complains was improperly admitted** . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

**STATUTE/RULES**                                                    **PAGE**

**TEX. R. APP. PROC. (Vernon 2012)**

Rule 33.1 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5, 6

**TEX. R. EVID. ANN. (Vernon 2015)**

Rule 103 (a) (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7
Rule 104 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
Rule 104 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**FEDERAL CASES**                                                    **PAGE**

*Terry v. Ohio*, 392 U.S.1, 88 S.Ct. 1868,
20 L.Ed.2d 889 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

**STATE CASES**                                                      **PAGE**

*Brimage v. State*, 918 S.W.2d 466
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Brown v. State*, 334 S.W.3d 789
(Tex.App. - Tyler 2010, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . .  10

*Carrillo v. State,* 98 S.W.3d 789
(Tex.App. - Amarillo 2003*, pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . .  10

*Clark v. State*, 365 S.W.3d 333
(Tex.Crim.App. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*DuBose v. State*, 915 S.W.2d 493
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Ex parte Moore*, 395 S.W.3d 152
(Tex.Crim.App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

**STATE CASES (CONT)**                                           **PAGE**

*Euziere v. State*, 648 S.W.2d 700
(Tex.Crim.App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Gibbs v. State*, No. 12-07-00238-CR, 2008 Tex. App. LEXIS 665
(Tex.App. - Tyler Jan. 31, 2008, *no pet.*)
(not designated for publication) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Guzman v. State*, 955 S.W.2d 85
(Tex.Crim.App. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4

*Holmes v. State*, 248 S.W.3d 194
(Tex.Crim.App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Moraguez v. State*, 701 S.W.2d 902
(Tex.Crim.App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

*Oles v. State*, 993 S.W.2d 103
(Tex.Crim.App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Ranson v. State*, 707 S.W.2d 96
(Tex.Crim.App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5, 7

*Rezac v. State*, 782 S.W.2d 869
(Tex.Crim.App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*State v. Carter*, 915 S.W.2d 501
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Walker v. State*, ___ S.W.3d ___, 2015 Tex. App. LEXIS 4424
(Tex.App. - Tyler  2015, *no pet. h.*) . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Willis v. State*, 192 S.W.2d 585
(Tex.App. - Tyler 2006, *pet. ref'd*) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

**S**TATE **C**ASES **(C**ONT**)** **P**AGE

*Villarreal v. State*, 935 S.W.2d 134
(Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

CAUSE NO. 12-15-00059-CR

IN THE

THE 12th DISTRICT COURT OF APPEALS

FOR THE

STATE OF TEXAS

DERRICK DEMOND COOKS,

APPELLANT

V.

THE STATE OF TEXAS,

APPELLEE

**STATE'S REPLY TO APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS**:

Comes now the State of Texas, through the undersigned Assistant Criminal District Attorney, and respectfully urges this Court to overrule Appellant's alleged errors and affirm the judgment of the trial court in the above-numbered cause.

### STATEMENT OF THE CASE

Appellant, Derrick Demand Cooks, was indicted in Cause No. 241-1485-14, in the 241st District Court of Smith County, Texas, with the offense of Possession of

1

a Controlled Substance. (CR: 1). On March 3, 2015, the parties met in the trial court, Appellant with counsel, and a jury trial was held after Appellant entered a "Not Guilty" plea to the offense alleged by the indictment. (RR 3: 42). After hearing evidence and argument of counsel, the jury found Appellant guilty of the offense alleged by the indictment. (RR 3: 149). After argument of counsel, the same jury assessed a sentence of two years in a State Jail facility and imposed a $6,500.00 fine. (RR 3: 244).

Appellant gave timely notice of appeal, counsel was appointed, and a brief filed with the Court. The State's response brief will be timely filed if the Court grants the attached motion for an extension of time.

STATEMENT OF FACTS

Appellant has stated the essential nature of the evidence presented at his trial. In the interest of judicial economy any other facts not mentioned herein that may be relevant to disposition of Appellant's points of error will be discussed in the State's arguments in response to the individual points.

REPLY TO APPELLANT'S POINTS OF ERROR AND SUMMARY OF ARGUMENT

**COUNTERPOINT ONE: Appellant has not properly preserved this point. Alternatively, Appellant has waived any error by repeatedly and affirmatively stating that he had "no objection" to the evidence he that now complains was improperly admitted.**

2

## A.  Summary of Argument

Appellant argues that the trial court incorrectly overruled his motion to suppress evidence. He alleges on appeal that the search in this case was unconstitutional where it exceeded the bounds of a proper *Terry* pat-down for weapons and was not made pursuant to his consent. (Appellant's brief at 8-12).

However, Appellant failed to present this argument to the trial court and thus cannot raise these new arguments for the first time on appeal. In addition, each time the complained-of evidence was offered, Appellant repeatedly and affirmatively stated that he had "no objection" to its admission.

## B.  The Trial Court's Discretion on a Motion to Suppress Evidence

A trial court's denial of a motion to suppress is generally reviewed for an abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); *Willis v. State*, 192 S.W.2d 585, 590 (Tex.App. - Tyler 2006, *pet. ref'd*), *citing Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996).

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical fact as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). This Court should afford the same amount of deference to the trial court's rulings on "mixed questions of law and fact" if the resolution of those ultimate

3

questions turns on an evaluation of witness credibility and demeanor. *Id.* Appellate courts must view the record in the light most favorable to the trial court's ruling and sustain the trial court's ruling if it is reasonably correct on any theory of law applicable to the case. *Id.* The Court of Criminal Appeals has decided that it is improper for an appellate court to weigh the factual sufficiency of the evidence elicited at the suppression hearing because the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony. *DuBose v. State*, 915 S.W.2d 493, 496 (Tex.Crim.App. 1996).

The trial judge is also the initial arbiter of the legal significance of those facts. *Id.*; TEX. R. EVID. ANN. Rule 104 (a) (Vernon 2015). On appeal, the Court should limit its review of the trial court's rulings, both as to the facts and the legal significance of those facts, to a determination of whether the trial court has abused its discretion. *Id.* In fact, the Court of Criminal Appeals has specifically instructed appellate courts to give deference to the trial court's ruling with regard to a motion to suppress. *State v. Carter*, 915 S.W.2d 501, 504 (Tex.Crim.App. 1996).

Even if this Court would have reached a different result on the issue of suppression, as long as the trial court's rulings are at least within the "zone of reasonable disagreement," the Court should not intercede. *Id.* at 496-97. The Fourth Amendment and the Texas Constitution forbid only unreasonable searches and

4

seizures. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; *Brimage v. State*, 918 S.W.2d 466, 500 (Tex.Crim.App. 1996).

## C. Appellant has failed to properly preserve his point of error.

The Court may not need to address the merit of Appellant's point where he has failed to show that the error, if any, was properly preserved.

In order to preserve error, an objection must be timely and must call the attention of the trial court to the particular complaint raised on appeal. *Ranson v. State*, 707 S.W.2d 96, 99 (Tex.Crim.App. 1986); TEX. R. APP. PROC. ANN. Rule 33.1 (a) (Vernon 2015).

In his brief, Appellant argues that the search in issue here was unconstitutional where it where it exceeded the bounds of a proper *Terry* pat-down for weapons and was not made pursuant to his consent. (Appellant's brief at 8-12).[1] However, prior to trial, Appellant merely filed a generic all-purpose motion to suppress which did not specifically allege either a violation of *Terry v. Ohio*, or that he did not consent to the search of his pockets. *See* (CR: 26-28).

Similarly, at the hearing on his motion to suppress, Appellant did not argue that the vial of phencyclidine (hereinafter "PCP") that he pulled out of his pocket was illegally seized in violation of *Terry v. Ohio*, or that his consent to the search was

---

[1] *Terry v. Ohio*, 392 U.S.1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

invalidated for the reasons he now argues on appeal. In fact, Appellant's complaint at trial was nothing like his argument on appeal. Instead, Appellant argued:

> MR. DAVIDSON: Judge, it's my motion, and I'll just submit on the motion and the evidence and ask the Court to find that the stop was made because the car was -- **the vehicle was targeted without the requisite probable cause** and ask the Court to find that the evidence should not be admissible and should be suppressed. (emphasis supplied).

(RR 3: 37).

In recognition of this argument, the trial court made specific findings on the record that "[s]ufficient probable cause existed for the stop based on the traffic violation." (RR 3: 38).

Consequently, the record is clear that Appellant did not argue in any manner at trial that the PCP he had in his possession should have been suppressed based upon the arguments he now makes for the first time on appeal.

Texas Rule of Appellate Procedure 33.1(a)(1)(A) provides, in relevant part, that for a complaint to be presented on appeal, a timely request, objection, or motion must have been made to the trial court, which "states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. PROC. ANN. Rule 33.1 (a) (1) (A) (Vernon 2015). Texas Rule of Evidence 103 contains similar guidelines, providing that "a timely objection

6

or motion to strike [must appear] on the record, stating the specific ground of objection, if the specific ground was not apparent from the context." TEX. R. EVID. Rule 103 (a) (1) (Vernon 2015) Additionally, it is well settled that the legal basis of a complaint raised on appeal cannot vary from that raised at trial. *See Euziere v. State*, 648 S.W.2d 700, 703-04 (Tex.Crim.App. 1983).

Where Appellant argued at trial solely on the basis of insufficient probable cause to stop the vehicle in which he was riding, his complaints on appeal concerning a violation of *Terry v. Ohio* and a lack of consent are completely different than the argument disposed of by the trial court. Nor can it be said that the specific grounds argued on appeal were "apparent from the context" of Appellant's generic motion to suppress, or his oral argument regarding a lack of probable cause to make a traffic stop. TEX. R. APP. PROC. ANN. Rule 33.1 (a) (1) (A) (Vernon 2015).

Consequently, Appellant's alleged error has not been properly preserved and the Court should overrule this point of error. *Ranson*, 707 S.W.2d at 99; *see also Walker v. State*, ___ S.W.3d ___, 2015 Tex. App. LEXIS 4424 (Tex.App. - Tyler 2015, *no pet. h.*) ("[A]n issue on appeal must comport with the objection made at trial, i.e., an objection stating one legal basis may not be used to support a different legal theory on appeal.") *citing Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990).

**D.  Appellant has waived any complaint concerning the admission of the PCP in this case where he affirmatively stated that he had "no objection" to its admission.**

Should the Court deem Appellant's point of error properly preserved, it still lacks any merit on the record and the law where Appellant waived his appellate complaints concerning the admission of the PCP seized from him by repeatedly and affirmatively stating that he had "no objection" to its admission. (RR 3: 94). The record shows that when the State first offered for conditional admission the exhibit containing the PCP seized from Appellant, the following occurred:

> MR. BIGGS: Judge, at this time, I'm going to offer State's Exhibit 3 and its contents under Rule 104.
>
> MR. DAVIDSON: I have no objection.
>
> THE COURT: State's Exhibit 3 and its contents are admitted into evidence conditionally under Rule 104.
>
> (RR 3: 92).

The record shows that the State made a conditional re-offering of the same exhibits containing the PCP seized from Appellant during the testimony of the arresting officer. And, Appellant for the second time asserted that he had "no objection" to that admission:

> MR. BIGGS: Judge, I'm going to go ahead and re-offer State's 3 and its contents that I've marked now as State's 3-A and 3-B under 104, Judge. I'm sorry.

8

MR. DAVIDSON: No objection.

THE COURT: All right. State's Exhibit 3 and its contents, 3-A and 3-B, are admitted into evidence conditionally under 104.[2]

(RR 3: 94).

Additionally, when the State re-offered the exhibits containing the PCP during the testimony of a DPS forensic chemist, Appellant for the third time again affirmatively stated that he had "no objection" to its admission for all purposes:

MR. MACHICEK: And, Your Honor, at this time, we would offer State's 3, as well as its contents, 3-A and 3-B, for all purposes.

MR. DAVIDSON: No objection.

THE COURT: All right. State's Exhibit 3and its contents, 3-A and 3-B, are admitted into evidence for all purposes. And you may publish.

(RR 3: 107-08).

Importantly, Appellant did not request a running objection after the trial court overruled his motion to suppress the PCP. (RR 3: 39-40).

The law provides that "[W]hen the defendant affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives any

_____

[2] Rule of Evidence 104 provides in part:

**Relevance That Depends on a Fact**. When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

TEX. R. EVID. ANN. Rule 104 (b) (Vernon 2014).

9

error in the admission of the evidence despite the pre-trial ruling." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex.Crim.App. 2013) *quoting Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986); *see also Gibbs v. State*, No. 12-07-00238-CR, 2008 Tex. App. LEXIS 665, *3-4 (Tex.App. - Tyler Jan. 31, 2008, *no pet.*) (not designated for publication) ("Consequently, we hold that by his statement that he had "no objection" to the exhibits which were the subject of his pretrial motion to suppress, Appellant affirmatively waived any error.");[3] *Brown v. State*, 334 S.W.3d 789, 804 (Tex.App. - Tyler 2010, *pet. ref'd*) *citing Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim.App. 2008) ("When a defendant affirmatively states that he has no objection to the admission of the evidence during trial, he waives his right to complain on appeal that the evidence was illegally obtained.").

Consequently, the was no abuse of the trial court's discretion in the admission of the exhibits containing the PCP seized from Appellant where he did not seek a running objection to the exhibits and repeatedly acquiesced to their admission whenever offered for admission into evidence. There is thus no merit to Appellant's pint of error and it should be overruled.

---

[3] The State proffers unpublished opinions to point out the reasoning of the courts therein when faced with very similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex.App. - Amarillo 2003, *pet. ref'd*).

**PRAYER**

**WHEREFORE**, for the reasons stated herein, the State of Texas prays that the Court of Appeals overrule Appellant's Point of Error and affirm the judgment of the 241st District Court, Smith County, Texas, in this case.

Respectfully submitted,

D. MATT BINGHAM
Smith County Criminal District Attorney


/s/  Michael J. West
_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 4, 869 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (I).

/s/  Michael J. West
_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this __21st__ day of __August__ , 2015, the following have been completed:

(1) The original of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to the Clerk of the Court of Twelfth Court of Appeals.

(2) A legible copy of the State's Response to Appellant's Brief in the above numbered cause has been sent via electronic filing to:

Mr. Austin Jackson,
Attorney at Law
112 East Line Street, Ste. 310
Tyler, Texas 75702


_____/s/  Michael J. West_____
Michael J. West
Asst. Criminal District Attorney
Bar I.D. No. 21203300