TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00833-CR


NO. 03-97-00834-CR







Brian Allen McLean, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NOS. B-96-0610-S & B-96-0611-S, HONORABLE DICK ALCALA, JUDGE PRESIDING







 Following the trial court's denial of appellant's motion to suppress, appellant
entered pleas of guilty to the offenses of possessing with intent to deliver a controlled substance,
cocaine, in an amount of more than 400 grams (1) and organized criminal activity (2). The trial court
assessed penalties of fifteen years in each offense. In a single point of error, appellant contends
that the trial court erred in denying his motions to suppress evidence acquired in an illegal arrest. 
We will overrule appellant's point of error and affirm the judgments of the trial court.

 Officer John McGuire of the San Angelo Police Department was the only witness
to testify at the motion to suppress hearing. On June 12, 1996, McGuire received information
from a confidential informant that appellant had personally told him that he was in possession of
a quantity of cocaine. According to the informant, the cocaine was in a gray Nissan vehicle,
license plate unknown to the informant; that appellant was attempting to drive around San Angelo
and sell the cocaine. McGuire stated that the informant had provided him with information
concerning illegal narcotics on approximately three occasions that proved to be accurate. 
Surveillance was set up in the area of the house where utility company records showed that
appellant was a subscriber for electricity. A person that fellow-officer Jones recognized as
appellant "was standing with the door open, between the door and the vehicle."

 McGuire testified that he was on his way to get a warrant when appellant's vehicle
was observed leaving. The distance traveled before appellant's vehicle was stopped is not shown,
however the attempted interception of appellant occurred when "Sergeant Jones pulled his vehicle
over in front of [appellant's] car." McGuire, attired in plain clothes, got out of Jones's vehicle
with badge in hand, identified himself as a police officer and ordered appellant to stop. McGuire
testified as to the ensuing events in response to the prosecutor's questions:



Q. What did he do in response to your ordering him to stop?


A. He put the vehicle in reverse and backed up and then he turned, made a U-turn
and drove over into the grass.


Q. What did you do?


A. I ran up to the window with my badge out, again identified myself as a police
officer, and ordered him to stop.


Q. What did the Defendant do?


A. He started driving in an easterly direction when I was running along beside it. 
And I identified myself again and ordered him to stop and he didn't.


Q. What did you do at that time?


A. At that time I turned slightly to the right and discharged my service weapon
twice into the left-rear tire of his vehicle in an attempt to disable it.


Q. And what did -- what did the Defendant do?


A. He kept going.


 Appellant's vehicle traveled "six to eight blocks" before it was stopped by other
officers. By the time McGuire arrived at the scene a search was being conducted. The search
revealed approximately three thousand dollars and "a piece of paper with different names and
amounts -- believed to be a ledger. Also in the vehicle -- a pistol." Under cross-examination,
McGuire stated that appellant was under arrest from the time he had shot at the tires; "there was
no investigative detention, it was an arrest." McGuire gave as probable cause for appellant's
arrest, the statement of the confidential informant. McGuire felt that he had probable cause to
arrest appellant "anytime [he] felt like it, if [he] found him driving the car."

 Appellant contends that the items seized in the search as well as his confession
following arrest should have been suppressed because probable cause did not exist to arrest
appellant without a warrant. In support of this position, appellant cites Stanton v. State, 743
S.W.2d 233 (Tex. Crim. App. 1988), as a case directly in point. Officers had received
information from another suspect that Stanton was implicated in a robbery. Armed with this
information, officers spotted Stanton's car parked in the driveway of his residence. After officers
observed Stanton drive away with his little sister, they converged on him, arrested him, and took
his confession. The officers testified that they did not have any information that Stanton would
flee, was fleeing, or was about to escape. The Court held that since the requirements of article
14.04 (3)
 were not met, the warrantless arrest of Stanton was unlawful and the confession should
have been excluded. Id. at 237.

 Appellant urges that there was a lack of probable cause and an absence of exigent
circumstances to justify his warrantless arrest. Probable cause for a warrantless arrest exists at
the moment the facts and circumstances within the officer's knowledge, and of which he has
reasonably trustworthy information, are sufficient to warrant a prudent person in believing that
the arrested person has committed or is committing an offense. Britton v. State, 578 S.W.2d 685,
689 (Tex. Crim. App. 1978). The standard for reviewing the existence of probable cause is the
"totality of the circumstances" test set forth in Illinois v. Gates, 462 U.S. 213, 238 (1983). The
"totality of the circumstances" standard applies to warrantless as well as warrant searches. Angulo
v. State, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987).

 The first step in our analysis is to determine at what point appellant was under
arrest. Article 15.22 of the Texas Code Criminal Procedure establishes the time at which a person
is arrested as the point "when he has been actually placed under restraint or taken into custody by
an officer or a person executing a warrant of arrest, or by an officer or a person arresting without
a warrant." Tex. Code Crim. Proc. Ann. art. 15.22 (West 1977). Arrest is complete when a
person's liberty of movement is restricted or restrained. See Hardinge v. State, 500 S.W.2d 870,
873 (Tex. Crim. App. 1973). Custody and control must be assumed over the party to complete
an arrest. See Wyatt v. State, 47 S.W.2d 827, 829 (Tex. Crim. App. 1932).

 The initial stop of appellant did not result in his being taken into custody or control. 
It appears to be appellant's position that arrest occurred at the initial point of interception when
McGuire displayed his badge in one hand, a revolver in the other, and identified himself as an
officer. However, a close review of McGuire's testimony reveals no mention of a weapon until
appellant began to flee in his vehicle. A show of authority by police, without application of
physical force, to which the suspect does not yield is not a seizure under the United States or
Texas Constitutions. See California v. Hodari, D., 499 U.S. 621, 626 (1991); Johnson v. State,
912 S.W.2d 227, 234 (Tex. Crim. App. 1995). Arrest did not occur until he was taken into
custody upon apprehension six or eight blocks later.

 At the time of appellant's actual arrest the officers had received information from
a proven-reliable informant that appellant was selling cocaine from his Nissan automobile. In
addition, appellant's flight is a circumstance from which an inference of guilt may be drawn. See
Burks v. State, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); Foster v. State, 779 S.W.2d 845,
859 (Tex. Crim. App. 1989). Given the totality of facts and circumstances, we hold that the
officers were in possession of sufficient information to warrant a prudent person in believing that
appellant had committed or was committing an offense.

 If it be appellant's position that the officers were not justified in their initial attempt
to stop appellant, the officers possessed information at that time from a reliable informant that
appellant was selling cocaine. Assuming, arguendo, that probable cause did not exist, the officers
had articulable facts which created some reasonable suspicion to connect appellant with unusual
activity that was related to crime to justify temporary detention for purposes of investigation. See 
Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987); Meeks v. State, 653 S.W.2d 6, 12
(Tex. Crim. App. 1983).

 The final step in our analysis is a determination of whether exigent circumstances
existed to justify the warrantless arrest of appellant. See Tex. Code Crim. Proc. Ann. art. 14.04. (4) 
The subjective belief of McGuire that he had probable cause to arrest appellant at anytime he saw
him in a car after receiving the information from the informant is of no consequence since the
subjective belief of the officer is disregarded if belied by the facts. See Ruth v. State, 645 S.W.2d
432, 435 (Tex. Crim. App. 1979). Unlike Stanton, there is the additional element in the instant
cause of appellant's flight after the initial attempt to stop him. Appellant's attempted escape
furnished the exigent circumstances that dispensed with the necessity of the officers obtaining a
warrant for his arrest. See Hawkins v. State, 660 S.W.2d 65, 70 (Tex. Crim. App. 1983). 
Appellant's point of error is overruled.



 The judgments are affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Kidd and Davis*

Affirmed on Both Causes

Filed: December 10, 1998

Do Not Publish





















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Health & Safely Code Ann. § 481.112(f) (West Supp. 1999).
2. See Tex. Penal Code Ann. § 71.02(a)(5) (West Supp. 1999).
3. Tex. Code Crim. Proc. Ann. art. 14.04 (West 1977) provides:


 Where is it shown by satisfactory proof to a peace officer, upon the representation of a
credible person, that a felony has been committed, and that the offender is about to
escape, so that there is no time to procure a warrant, such peace officer may, without
warrant, pursue and arrest the accused.


4. See supra note 3.



Arrest did not occur until he was taken into
custody upon apprehension six or eight blocks later.

 At the time of appellant's actual arrest the officers had received information from
a proven-reliable informant that appellant was selling cocaine from his Nissan automobile. In
addition, appellant's flight is a circumstance from which an inference of guilt may be drawn. See
Burks v. State, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); Foster v. State, 779 S.W.2d 845,
859 (Tex. Crim. App. 1989). Given the totality of facts and circumstances, we hold that the
officers were in possession of sufficient information to warrant a prudent person in believing that
appellant had committed or was committing an offense.

 If it be appellant's position that the officers were not justified in their initial attempt
to stop appellant, the officers possessed information at that time from a reliable informant that
appellant was selling cocaine. Assuming, arguendo, that probable cause did not exist,